**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EDDIE LAMONT LIPSCOMB,** | ) | |
| **Movant,** | ) | |
| **vs.** | ) | **No. 3:16-CV-1500-M-BH** |
| | ) | **No. 3:07-CR-357-M** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the amended *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed on June 6, 2016, should be **GRANTED**, the sentence should be vacated, and the movant should be re-sentenced.

## I. BACKGROUND

Eddie Lamont Lipscomb (Movant) challenges his federal conviction and sentence in Cause No. 3:07-CR-357-M.  The respondent is the United States of America (Government).

By indictment filed on November 28, 2007, Movant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1).  (*See* doc. 1.)[1]  He pled guilty on June 25, 2008.  (*See* doc. 30.)  On August 13, 2008, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2007 United States Sentencing Guidelines Manual (USSG).  (*See* doc. 54 at 5, ¶ 13.)  It found that Movant was an armed career criminal because his federal conviction under 18 U.S.C. § 924(e) subjected him to an enhanced sentence based on his prior violent felony convictions for burglary of a habitation and four robberies,

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:12-CR-126-L.

resulting in an offense level of 35. (*See id*. at 5, ¶ 7; 7. ¶¶ 24, 26.) With a criminal history category of six, the resulting guideline range was 292-365 months' imprisonment. (*See id*. at 18, ¶ 77.) February 18, 2009, Movant was sentenced to 240 months' imprisonment. (*See* doc. 45 at 2.) The judgment was affirmed on appeal. (*See* doc. 64); *United States v. Lipscomb*, No. 09-10240 (5th Cir. Sept. 13, 2010).

Movant claims that his sentence was enhanced under the unconstitutional residual clause of the Armed Career Criminal Act (ACCA), and his sentence was unconstitutionally enhanced under the residual clause of USSG § 4B1.2. (*See* 3:16-CV-1500-M, doc. 1 at 7.) The Government filed a response on December 2, 2016. (*See id.,* doc. 11.) Movant's reply, filed on June 15, 2017, conceded that his claim regarding the sentencing guideline is not a basis for relief in light of *Beckles v. United States*, 137 S.Ct. 886, 895 (2017) (holding that the sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause). (*See id.*, doc. 16 at 1.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the

error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  ARMED CAREER CRIMINAL ACT

As the Supreme Court of the United States noted in *Johnson*,

Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of ] the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows"

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. § 924(e)(2)(B) (emphasis added).

135 S.Ct. at 2555-56. Subsection (i) is known either as the force clause, *United States v. Lerma*, 877 F.3d 628, 630 (5th Cir. 2017), or as the elements clause, *United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017). The four offenses listed in subsection (ii) are referred to as the "enumerated offenses," *see United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007), or as the "enumerated offenses clause," *Taylor*, 873 F.3d at 477 n.1. The remainder of the subsection is known as the

3

"residual clause," *Johnson,* 135 S.Ct. 2555-56.

*Johnson* held that the imposition of an increased sentenced under ACCA's residual clause violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.[2]  After *Johnson*, a crime is a violent felony under ACCA only if it is one of the enumerated offenses, or if it qualifies under the force clause.  *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam).

Here, the offense of which Movant was convicted in four cases, robbery, is not an enumerated offense.  The Fifth Circuit Court of Appeals does not appear to have considered whether it qualifies as a violent felony under ACCA's force clause because it has as an element the use, attempted use, or threatened use of physical force.

## IV.  TEXAS ROBBERY STATUTE

The version of Texas Penal Code § 29.02 in effect when Movant committed the robberies in 1994 and 2004 stated:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
>
> > (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
> >
> > (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Penal Code § 29.02 (1974); *see* Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 926.

## A.    Applicable Approach

To determine whether a crime is a violent felony under the force clause, courts use either the

---

[2]  This holding is retroactively available on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

categorical approach or the modified categorical approach, depending on whether the statute setting out the offense is indivisible or divisible. *See Lerma*, 877 F.3d at 631; *United States v. Howell*, 838 F.3d 489, 494-95 (5th Cir. 2016). An indivisible statute sets out "a single set of elements [defining]", or "various means of committing," a single crime or offense. *Lerma*, 877 F.3d at 631; *Howell*, 838 F.3d at 497. A divisible statute "lists multiple, alternative elements, and so effectively creates 'several different ... crimes.'" *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013) (quoting *Nijhawan v. Holder,* 557 U.S. 29, 41 (2009)).

"Elements are the constituent parts of a crime's legal definition", i.e., what the prosecution must prove and the jury must find beyond a reasonable doubt to convict the defendant, or what the defendant must admit when he pleads guilty. *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016). "An element of a crime must be distinguished from the means of satisfying a single element." *Lerma*, 877 F.3d at 631. The test for determining whether a statute alternatively sets out elements or means of satisfying an element is whether a jury must agree on one of the statutory alternatives in reaching a verdict. *Howell*, 838 F.3d at 497.

> Elements must be agreed upon by a jury. When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense not an element of the offense.

*Id.* at 498 (quoting *United States v. Hinkle*, 832 F.3d 569, 574-75 (5th Cir. 2016)).

If a statute is indivisible because it sets out a single set of elements, the sentencing court must apply the "categorical approach." *Mathis,* 136 S.Ct. at 2248. It "requires the sentencing court, when determining whether a crime qualifies as a violent felony under the elements [or force] clause, to focus solely on whether the elements of the crime of conviction include the use, attempted use, or threatened use of physical force against the person of another." *Lerma*, 877 F.3d at 630. "The sentencing court is not permitted to review the particular facts of the case." *Id*.

5

If a statute is divisible because it lists alternative elements, the sentencing court must use the "modified categorical approach" to determine the elements under which the defendant was convicted. *Mathis*, 136 S.Ct. at 2253. Under this approach, the court looks "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of [committing]." *Id*. at 2249 (citations omitted). "The court can then determine, in deciding whether the crime satisfies the elements [or force] clause, if one of those elements included the use, attempted use, or threatened use of physical force against the person of another." *Lerma*, 877 F.3d at 630.

To determine whether a statute is divisible or indivisible, courts may consider several sources, including the statutory text and state court decisions. *United States v. Reyes-Contreras*, 882 F.3d 113, 119 (5th Cir. 2018).

Texas courts do not appear to have conclusively addressed whether jury unanimity is required for the bodily injury and threat elements set out in subsections (1) and (2) of the robbery statute.[3] Robbery is a form of assault, however, with theft as the underlying offense. *See Ex parte Hawkins*, 6 S.W.3d 554, 559-60 (Tex. Crim. App. 1999). The bodily injury and threat elements in the robbery statute are almost identical to those of the assault statute.[4] *See Fennell*, 2016 WL

---

[3] In an aggravated robbery case, a state appellate court held that the two assaultive elements of the underlying robbery offense (bodily injury or threat) are the same offense because a conviction for two aggravated robberies of the same victim from the same incident, where one underlying robbery is based on bodily injury and the other robbery is based on threat, would be double jeopardy. *Burton v. State*, 510 S.W.3d 232, 237 (Tex. App. – Fort Worth 2017) (citing *Cooper v. State*, 430 S.W.3d 426 (Tex. Crim. App. 2014)). The Fifth Circuit declined to rely on *Burton* in determining whether the aggravated robbery statute is divisible or indivisible. *See Lerma*, 877 F.3d at 634 n.4. It observed that the issue in *Cooper* was whether a person could be convicted of robbing the same person twice at the same time, and not whether the statute is divisible. *Id*. at 634. State court cases on double jeopardy are not a source for determining whether a statute is divisible. *United States v. Herrold*, 883 F.3d 517, 528-29 (5th Cir. 2018).

[4] A person commits assault if the person "(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse" or "(2) intentionally or knowingly threatens another with imminent bodily injury." Tex. Penal Code § 22.01(a)(1), (2). The only difference between these elements of an assault offense and the elements of robbery is that the assault statute provides that the spouse of the actor can be a victim of assault by bodily injury.

4491728 at *5.  The state court decisions regarding the divisibility of the assault statute are therefore instructive.

The Texas Court of Criminal Appeals has explained that assault by bodily injury and assault by threat are separate crimes because one is a result-oriented offense (bodily injury) and the other is a conduct-oriented offense (threat).  *Landrian v. State*, 268 S.W.3d 532, 540 (Tex. Crim. App. 2008), *citing with approval*, *Dolkart v. State*, 197 S.W.3d 887, 893 (Tex. App. – Dallas 2006) (holding that in order to convict of assault, a jury must agree whether the offense was assault by bodily injury or assault by threat); *Gonzales v. State*, 191 S.W.3d 741, 748-49 (Tex. App. – Waco 2006) (same); and *Marinos v. State*, 186 S.W.3d 167, 174-75 (Tex. App. – Austin 2006) (same). Because Texas courts have found that the bodily injury and threat elements of the assault statute set out separate offenses, and a jury is required to agree on which of the two statutory alternatives a defendant violated for purposes of that statute, the Court finds that the almost identically-worded elements in the robbery statute also set out separate offenses.

Because the elements of the robbery statute set out separate offenses, the statute is divisible. *See Lerma*, 877 F.3d at 631; *Howell*, 838 F.3d at 497.  The applicable approach for determining whether the offense of robbery qualifies as a violent felony under ACCA's force clause is therefore the "modified categorical approach." *See Mathis,* 136 S.Ct. at 2253.  As noted, this requires review of state court documents to determine which crime, with what elements, Movant was convicted of committing. *See id*. at 2249.

Because the record does not include the state court documents from the four robbery convictions, it must be presumed that Movant violated the robbery statute in the least culpable manner, i.e., by threat. *See United States v. Garcia-Montejo*, 570 F. App'x 408, 413 (5th Cir. 2014). In an abundance of caution, however, both the bodily injury and threat elements of the offense will

be examined to determine whether they each include the use, attempted use, or threatened use of physical force against the person of another.

## B.    **Physical Force**

"The phrase 'physical force' [in § 924(e)(2)(B)(i)] means violent force—that is, force capable of causing physical pain or injury to another person." *See Johnson v. United States*, 559 U.S. 133, 140 (2010).  Although the Fifth Circuit does not appear to have decided whether Texas robbery is a violent felony under the ACCA, this issue appears to be pending in *United States v. Patton*, No. 17-10942 (appeal of § 2255 case), and *United States v. Burris*, No. 17-10478 (direct appeal of criminal case).  District courts are split on the issue.  *See Joiner v. United States*, 2018 WL 814021 at *2 (W.D. Tex. Feb. 9, 2018) (citing cases).

This Court has previously held that a Texas robbery offense is not a violent felony under ACCA, regardless of whether the robbery statute is divisible or indivisible.  *United States v. Fennell*, No. 3:15-CR-443-L, 2016 WL 4491728 at *6 (N.D. Tex. Aug. 25, 2016), *recons. denied*, 2016 WL 4702557 (N.D. Tex. Sept. 8, 2016), *aff'd* 695 F. App'x 780 (5th Cir. 2017).  *Fennell* relied on *United States v. Villegas–Hernandez*, 468 F.3d 874 (5th Cir. 2006), in which the Fifth Circuit considered whether the Texas assault statute, which makes it a crime to cause bodily injury, includes the use of physical force as an element for purposes of deciding whether it qualifies as a "crime of violence" under 18 U.S.C. § 16(a).[5]  The force clause in § 16(a) is almost identical to the one in ACCA.[6]

---

[5]  Section 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another."  18 U.S.C. § 16(a) (2000) (*emphasis added*).  ACCA refers only to the use of physical force against the person of another.

[6]  Courts analyzing issues arising under the force clause of either § 16(a) or ACCA rely on cases under both statutes, as well as on identically worded sentencing guidelines regarding crimes of violence.  *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (relying on case law under § 16 in an analysis of the elements of a crime under the force clause of § 924(e); *United States v. Paniagua*, 481 F. App'x 162, 166 (5th Cir. 2012) (relying on case law under § 924(e) in an analysis of the elements of a crime under the force clause of § 16); *United States v. Johnson*, 880 F.3d 226, 234 (5th Cir. 2018) ("precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition

1. ***Villegas-Hernandez and Progeny***

In *Villegas-Hernandez*, the Fifth Circuit began its analysis of the Texas assault statute under the categorical approach by first explaining that "the term 'force' has a specific meaning and, 'when used in the statutory definition of a 'crime of violence,' is 'synonymous with destructive or violent force.'" *Id.* at 878-79 (quoting *United States v. Landeros–Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001)). Because use of force must be "an element" of the offense, assault would satisfy the definition of "crime of violence" in § 16(a) "only if a conviction for that offense could not be sustained without proof of the use of 'destructive or violent' force." *Id.* at 879. The Fifth Circuit explained that the "bodily injury" required under the assault statute is "physical pain, illness, or any impairment of physical condition." *Id.* (quoting Tex. Penal Code § 1.07(a)(8)). The court noted that the "bodily injury" required by the assault statute "could result from any of a number of acts, without use of 'destructive or violent force', [such as] making available to the victim a poisoned drink while reassuring him the drink is safe, or telling the victim he can safely back his car out while knowing an approaching car driven by an independently acting third party will hit the victim." *Id.* Because the prosecution would not need to show use of physical force to convict under these scenarios, the Fifth Circuit concluded that use of force was not a element of the offense, so assault did not qualify as a "crime of violence" under § 16(a). *Id.* In so finding, the Fifth Circuit recalled its prior *en banc* holdings in *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004) (*en banc*), that "'[t]here is ... a difference between a defendant's causation of injury and the ... use of [physical] force,'" and that "'the intentional causation of injury does not necessarily involve the use of force.'" *Id*. at 880-81.

---

of a crime of violence").

The Fifth Circuit subsequently considered whether a California terroristic threat statute had as an element the threatened use of physical force and was therefore a "crime of violence" for purposes of § 2L1.2 of the Sentencing Guidelines, which is in relevant part identical to ACCA's force clause. *See United States v. De La Rosa–Hernandez*, 264 F. App'x 446, 447-49 (5th Cir. 2008). Applying the categorical approach, the court found that "[a]s in *Villegas*[*-Hernandez*], a defendant could violate [the California statute, which criminalized threatening to commit a crime that would result in death or great bodily injury to another person], by threatening either to poison another or to guide someone intentionally into dangerous traffic, neither of which involve 'force', as that term is defined by our court." *Id*. at 449. Because it was possible to obtain a conviction under the statute without proof of the threatened use of physical force, the Fifth Circuit found that it was not an element of the offense, so it was not a crime of violence.[7] *Id*.

More recently, in *United States v. Rico-Mejia*, 859 F.3d 318, 321 (5th Cir. 2017), the Fifth Circuit again considered whether a "terroristic threatening" statute had the threatened use of physical force as an element and was a crime of violence under § 2L1.2. The court found that even if the district court correctly resorted to the modified categorical approach in analyzing the Arkansas "terroristic threatening" statute, which made it an offense to threaten to cause death or serious bodily injury to another person, the offense could not constitute a crime of violence under *Villegas–Hernandez* and *De La Rosa–Hernandez* because a person could cause physical injury without using physical force. *Id.* at 322-23.

---

[7] Although a categorical approach was used in *De La Rosa-Hernandez*, and a modified categorical approach is used for the Texas robbery offense, the analysis of the threat element in that case still provides guidance for the analysis of the threat element for robbery. As discussed, the categorical or modified categorical approach is used to determine the elements of the offense for the prior conviction. Once the elements are determined, the analysis of whether the use or threatened use of physical force is an element of the offense is the same regardless of the approach used to determine the elements of the offense.

2.    *Castleman and Voisine*

The Government argues that the Supreme Court's decisions in *United States v. Castleman*, 134 S.Ct. 1405 (2014), and *Voisine v. United States*, 136 S.Ct. 2272 (2016), undermined the Fifth Circuit's holding in *Villegas-Hernandez* that a statutory element of causing bodily injury does not necessarily include the use of physical force.  (*See* doc. 12 at 11- 15, 17.)  This argument has recently been expressly rejected by the Fifth Circuit, however:

> The Government responds that [*Villegas-Hernandez* and its progeny] have been overruled by *United States v. Castleman*, ___ U.S. ___, 134 S.Ct. 1405, 1414, 188 L.Ed.2d 426 (2014), which held that a defendant's guilty plea to having "intentionally or knowingly cause[d] bodily injury" to the mother of his child constituted "the use of physical force" required for a misdemeanor crime of domestic violence as defined in 18 U.S.C. § 921(a)(33)(A).  The Government points out that as part of the Supreme Court's reasoning in that decision, it applied a definition of "use of physical force" that was much broader than that described in the above cases – one that could involve harm caused both directly and indirectly and that would include administering poison or similar actions.  *Id*. at 1413–15. ...
>
> The Government's contention regarding *Castleman* must be rejected.  By its express terms, *Castleman*'s analysis is not applicable to the physical force requirement for a crime of violence, which "suggests a category of violent, active crimes" that have as an element a heightened form of physical force that is narrower in scope than that applicable in the domestic violence context.  134 S.Ct. at 1411 n.4 (noting that "Courts of Appeals have generally held that mere offensive touching cannot constitute the 'physical force' necessary to a 'crime of violence' " and clarifying that "[n]othing in today's opinion casts doubt on these holdings, because ... 'domestic violence' encompasses a range of force broader than that which constitutes 'violence' simpliciter").  Accordingly, *Castleman* does not disturb this court's precedent regarding the characterization of crimes of violence, and [the Arkansas terroristic threat statute] cannot constitute a crime of violence ... because it lacks physical force as an element.

*Rico-Mejia*, 859 F.3d at 322-23.[8]

Subsequently, in *Reyes-Contreras*, the Fifth Circuit noted the Government's argument that

---

[8]  This Court also rejected this argument in *Fennell,* on the Government's motion for reconsideration.  2016 WL 4702557.

"indirect force is sufficient, [and that *Castleman* had] overruled Fifth Circuit precedent requiring destructive or violent force by interpreting the use-of-force clause in 18 U.S.C. § 921(a)(33)(A)(ii) to encompass the common-law definition, which includes offensive touching and indirect applications of force." 882 F.3d at 123. It also noted, however, its prior holdings in *Rico-Mejia* as well as *United States v. Calderon-Pena*, 383 F.3d 254, 260 (5th Cir. 2004), "in which the *en banc* court expressly held that an offense that can be committed without 'any bodily contact (let alone violent or forceful contact)'" does not have physical force as an element." *Id*. As the Fifth Circuit acknowledged,

> [t]he government rightly points out that many circuits have rejected this view and have expanded *Castleman* to state that indirect causation of bodily injury may warrant a [crime of violence] enhancement. But *Castleman* does not on its own terms make this expansion, and a previous panel [in *Rico-Mejia*] declined to interpret it as doing so, thus binding us.

*Id*. This court is likewise bound by *Rico-Mejia*'s rejection of the Government's reliance on *Castleman*.[9]

In conclusion, the Court finds that the Fifth Circuit's rationale in *Villegas-Hernandez* for finding that a person can cause bodily injury without the use of physical force for purposes of the assault statute applies equally to the nearly identical bodily injury element of the robbery statute. As noted in *Fennell*, "the same definition of 'bodily injury' applies to simple robbery, and neither this definition nor the statutory language for assault or robbery alludes to the use of force or makes force an implicit or explicit element of the crimes. The focus instead is on bodily injury, which does not necessarily require the use of force." 2016 WL 4491728 at *6. *Fennell* found that regardless of whether the robbery statute is divisible or indivisible, it "is broad enough to entail even the slightest use of force that results in relatively minor physical contacts and injuries, and the degree

---

[9] The Government filed a motion for rehearing *en banc* in *Reyes-Contreras* on April 5, 2018.

or character of the physical force exerted is irrelevant," so "it covers conduct that does not involve the type of 'violent force' contemplated by the ACCA." *Id.* Because there is a set of facts that would support a conviction under the bodily injury element without proof of the use of force, and the use of force is not a fact necessary to support a conviction under that element, the use of force is not an element of the Texas robbery statute. *See id.*

As for the threat element, the Fifth Circuit applied its rationale in *Villegas-Hernandez* to find that a person can threaten to cause bodily injury without threatening the use of physical force for purposes of the terroristic threat statutes at issue in *De La Rosa-Hernandez* and *Rico-Mejia*. Its reasoning applies equally to the similar threat element of the Texas robbery statute.[10] Because there is also a set of facts that would support a conviction under the threat element without proof of the threatened use of force, and the threatened use of force is not a fact necessary to support a conviction under that element, the threatened use of force is also not an element of Texas robbery.

Since neither the use of force nor the threatened use of force is an element of the Texas robbery statute, a conviction under that statute does not qualify as a violent felony under ACCA's force clause.[11] Because Texas robbery is no longer a violent felony after *Johnson*, the enhancement of Movant's sentence under ACCA based in part on his four robbery convictions does not survive.[12]

---

[10] The threat elements of the California and Arkansas terroristic threat statutes are similar to the threat element of the Texas robbery statute. *See De La Rosa-Hernandez*, 264 F. App'x at 446 (quoting Cal. Penal Code § 422); *Rico-Mejia*, 859 F.3d at 322 (quoting Ark. Code Ann. § 5-13-301(a)(1)).

[11] The result is the same under the categorical approach, which requires that courts "focus solely on whether the elements of the crime of conviction include the use, attempted use, or threatened use of physical force against the person of another." *See Lerma*, 877 F.3d at 630. The relevant elements of robbery under the categorical approach are causing bodily injury and threatening to cause bodily injury. As discussed, neither element has the use or threatened use of physical force, so robbery is not a violent felony under the force clause.

[12] In a case on direct appellate review, the Fifth Circuit recently reconsidered prior case law and held that the Texas burglary statute is indivisible, it is not generic burglary under § 924(e)(2)(B)(ii), and a Texas burglary conviction cannot be the predicate for ACCA enhancement. *See United States v. Herrold*, 883 F.3d 517, 537 (5th Cir. 2018). Because Movant's robbery offenses are not violent felonies, he no longer has three or more earlier qualifying convictions under

13

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be

**GRANTED**, the sentence should be **VACATED**, and Movant should be re-sentenced.

**SO RECOMMENDED** this 18th day of June, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

ACCA.  It is therefore unnecessary to reach the issue of whether burglary is a violent felony under the ACCA.